EJECTMENT.            **Rogers *vs* Moore's Devisees, &c.**

*Case* 8.              APPEAL FROM THE JEFFERSON CIRCUIT.

                      *Will.   Devise—Construction of.*

*Sept.* 15.    JUDGE MARSHALL delivered the opinion of the Court.

In 1810, James F. Moore died, leaving thirteen children, and his will, made in 1807, was duly proved and admitted to record. In that will he names some of his children, to whom he gives or declares that he has given portions of his estate, and declares explicitly that none of them are to claim any other or further part thereof. He then proceeds as follows: "All the rest and residue of my estate, real and personal, (except my real property at and near Mann's Lick, and the two slaves hereafter mentioned,) I order to be equally divided between all my other children;" and gives his executors certain powers over the same, to pay his debts and fulfil his contracts and the will. He then says, "the property excepted out of the foregoing general devise, is to be disposed of as follows:" The home farm, with certain personal property thereon, and the two slaves before referred to, are then disposed of to his wife for life, and to pass, on her death, to any of their children that she may give it to. And "all the residue of said property," (that is of the excepted property,) "containing the salt-works, &c. shall be rented out by my executors, &c. and the proceeds applied for the education and support of my younger children, who are not advanced in the world before my death, until the youngest of my said children shall arrive at twenty-five years of age, after which event, the said property shall be sold, &c. on a long credit, and the proceeds of said sale shall be equally divided between such of my children as are alive and not advanced in the world at the time of my death. And I do positively forbid any child to sell his or her part of this fund before the sale, and to effectuate this part of my will, I order that my executors do not pay the distributive share to any save the child entitled thereto, or to some person representing, with a power

made in due manner, subsequent to the sale. If any child die without lawful issue, his or her share shall fall back into the general fund of my estate, and go to the surviving children who would under this will have received the same had such death happened before my own."

In 1841, this action of ejectment was brought for a parcel of land embraced in the general devise, "to all the testator's other children." The lessors in the demise stated in the declaration, were the survivors of the nine residuary devisees, and the descendants of such of them as had died leaving descendants, and a verdict and judgment having, under the instructions of the Court, been rendered in favor of the plaintiff for the whole of the land sued for, it is contended in this Court, as it was in the Circuit Court: first, that the title to the land did not pass by the first residuary devise, "to all the testator's *other* children," but descended to all his children, and still remains in them and their heirs until a division; and secondly, that if the title did pass by the residuary devise to the nine unnamed children, then the share of such of them as afterwards died without issue, did not vest by the will, in the survivors of the nine, but passed by descent to the heirs general of such decedent, that is, to all the brothers and sisters and their descendants; and that in either case, the lessors being entitled only to a portion of the land, the instructions to the contrary were erroneous, and the verdict and judgment for the whole cannot be sustained.

We cannot concur in either of these constructions of the will, and therefore cannot adopt the conclusions to which each of them leads.

We think it entirely obvious from the will as it has been stated, and it is even more so from the particular language used in the clauses relating to the four first named children of the testator, that he did not intend that any of them should have any part of his estate at his death, beyond that which they had already received, for they were, in fact, already in possession of all they were to get, and he emphatically declares that they shall claim no more, which would seem to refer to a claim by descent. These considerations, and especially the terms of

the first residuary devise tend to show, as we think, that he intended that all the rest of his children who should be living at the time of his death, should take the residuum therein devised, which includes the land in contest, and that no part of said residuum should descend. The words, "I order to be equally divided," &c. no time being referred to for the division, import a present devise, and upon the testator's death passed an immediate interest and title in common, to the devisees, subject to the powers given to the executors. The fact of the devise being to a class of persons, not by name as individuals, but by general description, as "to all of his other children," seems to imply that the class, as such, should take, though it might not consist of the same individuals at the time of his death, as at the date of the will. And we are inclined to the opinion that under such a devise, the share of any one who might die before the testator, would not lapse, as in the case of a specific devise to one or more individuals by name, without any devise over, but that there being persons in *esse* at the death of the testator, who answered the entire description of the devisees as a class, and the devise to them as a class, importing, in some degree, a devise over to the survivors of the class, in case of the death of any one in his life time, they might, as a class, take the entire subject devised. This was decided with regard to a legacy in the case of *Viner* vs *Francis*, (2 *Cox*, 190,) and 2 *Brown's Chan. Cases*, 656, and we do not see why the same principle should not apply to a devise.

But if in point of law this should not be the effect of this devise, there can be no doubt on the face of the will, that the testator intended and understood that it should have this effect; and as in his view of the will the share of any one of the devisees in this first residuary clause who might die before his own death, would, in that event, go, under the will, to the survivors of the same devisees, those devisees, and all of them who might at any time after the testator's death, survive one who might die without issue, come completely within the description of the "surviving children" to whom, in the event of the death of any child without issue, the last clause devises over

the share of such decedent. It is not contended, and there is no ground for contending, that the four first named children are in any manner referred to in this last clause, either in describing the contingency on which the devise ever is to take effect, or the thing devised, or the persons to whom it is devised. It is certain that the clause does not refer to them, but relates exclusively to the other children, and as we have shown, to all of the other children.

The first residuary clause devises the residuum, with the *exception therein contained, to all the other children.* The second residuary clause devises the excepted residuum to such of the other children as might be unadvanced at the testator's death. The concluding clause, coming properly after the two residuary clauses, devises to the survivors among all the other children the share, and the entire share, of any one who might die without issue in the lifetime of any others. It devises the de-*cedent's share in the first residuum as well as his share* in the second, to the survivors who would have taken it under the will, if the decedent had died before the testator: the first to the survivors among all the other children, excluding the four first named, and the other to the survivors among the unadvanced children. It, therefore, leaves no part of either residuum to descend to the heirs general, of any of these other children who might die without issue, so long as any others of them may survive: and, consequently, the whole title of the first residuum, and of the land in contest, was in the lessors of the plaintiff who are the survivors and the descendants of the survivors of all of the residuary devisees.

But if the last clause in the will, coming as it does, immediately after the second residuary devise, which is to the unadvanced children, should be understood as referring exclusively to the unadvanced children, and as devising over to the survivors among them, the share of any one of them who might die without issue; still as it is not shown *that any one of the testator's children, except* the first four named in the will, was advanced before his death, it must be taken as the case stands, that all the other children besides the first four, were unadvanced, and that they were all therefore devisees of both residu-

ums; and on this construction it follows that, upon the death of any one of them without issue, his share, that is, his share in both residuums, passed by this clause to the survivors among all the residuary devisees, as it would do on the other construction, which also vests in the lessors the entire title.

Wherefore the judgment is affirmed.

*Guthrie* for appellant: *Pirtle* for appellees.

---

CHANCERY.

*Case* 8.

Sept. 18.

Case stated.